# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 20-00506 FMO (PJWx) | Date | January 29, 2020 |
|---|---|---|---|
| Title | Elaine M. Aliberti v. Princess Cruise Lines, Ltd. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff:  Attorney Present for Defendants:
None Present  None Present

**Proceedings:**  (In Chambers) Order to Show Cause Re: Jurisdiction

Plaintiff Elaine Aliberti ("plaintiff") filed this action against defendant Princess Cruise Lines, Ltd. ("defendant") on January 17, 2020. (See Dkt. 1, Complaint). Federal subject matter jurisdiction is premised solely on diversity of the parties. (See id. at ¶ 1).

"The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." Rainero v. Archon Corp., 844 F.3d 832, 840 (9th Cir. 2016) (quoting NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 613-14 (9th Cir. 2016)); see NewGen, 840 F.3d at 614 ("[A]t the pleading stage, allegations of jurisdictional fact need not be proven unless challenged."). Because she filed her complaint in federal court, plaintiff bears the burden of proving by a preponderance of the evidence that the amount in controversy meets the $75,000 jurisdictional threshold. See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004); Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Where doubt regarding the right to removal exists, a case should be remanded to state court.") (footnotes omitted). The court is left uncertain whether plaintiff has met her burden to show that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). Plaintiff makes the bare allegation that "the amount in controversy exceeds the sum of $75,000." (See Dkt. 1, Complaint at ¶ 1). The Complaint's bare, conclusory allegation on this score, (see id.), does not satisfy plaintiff's burden to "both plead[] and prov[e] diversity jurisdiction." Rainero, 844 F.3d at 840.

Accordingly, IT IS ORDERED THAT no later than **February 12, 2020,** plaintiff shall file a First Amended Complaint ("FAC") establishing that the amount in controversy exceeds $75,000. Failure to file the FAC by the deadline set forth above shall result in the action being dismissed without prejudice for failure to prosecute and/or failure to comply with a court order. See Fed. R. Civ. P. 41(b); Baeza v. Baca, 700 F.Appx. 657, 658 (9th Cir. 2017) (upholding dismissal for failure to prosecute); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-00506 FMO (PJWx) | Date | **January 29, 2020** |
|---|---|---|---|
| Title | **Elaine M. Aliberti v. Princess Cruise Lines, Ltd.** | | |

to prosecute cannot seriously be doubted.").


Initials of Preparer      vdr